**Electronically Filed**
**Intermediate Court of Appeals**
**30595**
**08-NOV-2010**
**12:03 PM**

NO. 30595

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

M & M PACIFIC INCORPORATED, Plaintiff-Appellee,

v.

SOPREMA, INC., Defendant-Appellant,

and

PER, INC.; SEABORD SURETY COMPANY (THE ST. PAUL);
SOPREMA, INC.; UNIVERSITY OF HAWAII, Defendants-Appellees,

and

JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, et al.,
Defendants

———————————————

SOPREMA, INC., Third Party Plaintiff/Appellant,

v.

AMERICAN PERMAQUIK, INC., Third Party Defendant/Appellee,

and

JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, et al.,
Third Party Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 03-1-1126)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that this court does not have jurisdiction over Appellant Soprema Inc.'s (Appellant Soprema) appeal from the Honorable Patrick W. Border's June 8, 2010 "Order Denying Defendant and Third Party Plaintiff Soprema Inc.'s Motion to (1) File a First Amended Third Party Complaint against Third Party Defendant American Permaquik Inc., (2) Name Additional Third Party Defendants, and (3) Substitute Tremco Incorporated for Defendant American Permaquik Inc." (the June 8, 2010 order). The June 8, 2010 order is an interlocutory order, is not independently appealable, and the circuit court has not yet entered an appealable final judgment on all claims pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009) authorizes appeals to the intermediate court of appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." Based on HRCP Rule 58, the Supreme Court of Hawai'i has ruled that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will

be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). The circuit court has not yet entered a separate judgment in this case. Absent a separate judgment, the June 8, 2010 order is not eligible for appellate review.

Although exceptions to the final judgment requirement exist under Forgay v. Conrad, 47 U.S. 201 (1848)(the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b), the June 8, 2010 order does not satisfy the requirements for appealability under any of these exceptions. See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). With respect to the Forgay and collateral order doctrines, we note in particular that the June 8, 2010 order does not subject a party such as Appellant Soprema to irreparable injury that is effectively unreviewable on appeal from a final judgment. See, e.g., Takayama v. Financial Sec. Ins. Co., Ltd., 79 Hawai'i 98, 101, 898 P.2d 610, 613 (App. 1995) (holding that an order that denies a party's motion for substitution of a party is not final and appealable). We additionally note that the circuit court did not certify the June 8, 2010 order for an interlocutory appeal pursuant to HRS § 641-1(b). Therefore, the June 8, 2010 order is not an appealable order.

Absent an appealable separate judgment, Appellant Soprema's appeal is premature, and we lack appellate jurisdiction over appellate court case number 30595.  Accordingly,

IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, November 8, 2010.

Presiding Judge

Associate Judge

Associate Judge